HARDY, Judge.
Plaintiff, alleging itself to be the holder and owner, for value and before maturity, under the laws of the State of Texas, of a note in the principal sum of $4,247.75, an installment investment certificate for an identical amount and a chattel mortgage, all of said instruments being executed by defendants, instituted this suit praying for judgment in the principal sum of $1,702.75,. *215 ■with interest, attorney’s fees, etc., and for recognition and enforcement of the chattel mortgage. To this action defendants interposed an exception of no cause and no right of action which, after hearing, was sustained and judgment rendered dismissing plaintiff’s suit, from which judgment plaintiff brings this appeal.
The pertinent allegations of plaintiff’s petition, which must be accepted as established for the purpose of considering the exception, in addition to the basis of the suit as above set forth, discloses that .after default by defendants in payment of the installment investment certificate which thereupon became due and exigible, plaintiff seized and sold at private sale two motor vehicles described in the chattel mortgage, the proceeds of which sale were credited against the principal balance of defendant’s obligation; that the plaintiff is entitled to have recognized and rendered ex-ecutory its chattel mortgage with respect to the remaining property of defendants, particularly described in said instrument.
The chattel mortgage in question, which was executed in the State of Texas, contained a description of two motor vehicles .and a number of articles of household furnishings, all of which property was pledged as security for defendant’s indebtedness. As above stated, plaintiff has heretofore caused the motor vehicles described in the mortgage to be seized and .sold under the laws of the State of Texas and now seeks by this proceeding to enforce its rights upon the remaining property against the defendants who are now alleged to be residents of the Parish of Ouachita, State of Louisiana.
The basis upon which defendant’s exception is urged is clearly set forth in counsel’s brief. It is contended that the Louisiana •statute, LSA-R.S. 13:4106-13:4107, ordinarily identified as the Deficiency Judgment Act, provides for the complete extinguishment and discharge of a mortgagor's debt in those instances where the mortgagee proceeds to seize and sell, without appraisement, the property covered by the chattel mortgage given as security for the debt. It is further urged that this statute is a declaration of public policy and that contracts, although enforceable under the law of the place where executed, cannot be enforced in this state in violation of the statutory restriction.
We observe that there is nothing in ■plaintiff’s petition which indicates that the motor vehicles constituting a portion of the security pledged in the chattel mortgage were sold without appraisement. The only allegation in connection with this sale recites the fact that
“ * * * petitioner seized and sold at private sale the two motor vehicles * * * »
We think this in itself, in the absence of the establishment as a fact of the sale of the vehicles without appraisement, would be sufficient to destroy the validity of defendant’s exception. However, inasmuch as counsel for all parties involved have chosen to interpret the sale as having been consummated without appraisement, we prefer not to predicate our conclusion upon this ground.
We are completely in accord with the position taken by learned counsel for defendants that the question here presented is governed by the provisions of the Deficiency Judgment Act. However, we think counsel is in error in relying upon Section 4106 which he quoted in his brief as follows :
“4106. Deficiency judgment prohibited if sale without appraisement
“In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed *216 against the debtor or any other of his property for such deficiency, in any manner whatsoever.”
The above is an accurate quotation of the enumerated section as originally adopted by Act 28 of 1934 and incorporated in the LSA-Revised Statutes of 1950. But this section of the Revised Statutes was amended by Act 20 of 1952 and now reads as quoted below, the changes from the original provision being outlined by emphasis which we have supplied:
“4106. Deficiency judgment prohibited if sale without appraisement; preservation of rights under other mortgage or pledge
“In any case where any mortgagee of other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless' shall stand fully satisfied and discharged, insofar as said debt constitutes a personal obligation against the debtor or debtors, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever, provided, however, that in cases in which .such debt or other obligation is secured by the mortgage or pledge of other property either real or personal (in addition to that foreclosed against), then such mortgagee or creditor shall ■ lose no rights under such mortgage or pledge by virtue of a sale without appraisal as set forth above, and suck mortgagor or creditor may, concurrently with such foreclosure proceeding, or thereafter, proceed to foreclosure' in such mortgage or pledge resting on other property to the same extent as if such sale, without appraisement, had' not taken place except that there shall be no right to a deficiency judgment• against said debtor.”
The above amendment was effective prior to the date of the execution of the note and chattel mortgage involved in the instant case.
We think it is obvious that the-above section, as amended, specifically grants a creditor the right to execution upon all properties covered by a chattel mortgage, regardless of whether a partial execution had resulted in seizure and sale of a portion of the mortgaged property-without appraisement. It follows, therefore, that plaintiff’s petition adequately sets forth a cause and right of action and clearly it is entitled to trial on the merits-Defendant’s rights to object and to present their objections on other points are, of course, preserved to them.
For the reasons assigned the judgment appealed from is reversed and set aside, the exception of no cause and no right of action is overruled and the case is remanded to the Honorable .the Fourth Judicial District Court in and for Ouachita Parish,, Louisiana, for further proceedings. Costs of this appeal are taxed against defendants,, and all other costs shall await final determination hereof.